**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0207-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIEL J. LAWRENCE,

    Defendant-Appellant.

_____

> Submitted March 20, 2025 – Decided April 15, 2025
>
> Before Judges Natali and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 15-02-0103.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).
>
> Matthew J. Platkin, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Daniel J. Lawrence appeals from a June 30, 2023 order denying his petition for post-conviction relief (PCR) based on ineffective assistance of counsel without an evidentiary hearing. For the reasons set forth in this opinion, we affirm.

I.

Defendant was convicted by a jury of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), for the fatal stabbing of his ex-girlfriend's former boyfriend. On direct appeal, we affirmed defendant's convictions and sentence to a forty-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. State v. Lawrence, No. A-4348-16 (App. Div. Oct. 9, 2019), certif. denied 241 N.J. 56 (2020).

We briefly summarize the relevant facts from our prior decision and the motion record. On September 1, 2014, victim W.M. (William)[1] contacted his former girlfriend, M.W. (Mary), to arrange to retrieve his bag from her home the following day. When William arrived at Mary's home, he encountered

---

[1] Consistent with our prior opinion, we refer to the individuals by their initials and use pseudonyms to protect their privacy.

defendant at the door. Mary testified when she gave William his bag, he became upset because of the condition of the bag, which he claimed had become infested with roaches. Defendant interjected, blamed William for leaving his belongings at Mary's home, and an argument ensued.

At some point, Mary left while defendant and William were making "slick comments" toward one another and went inside the home to attend to her children. When she went back outside, she saw defendant and William "tussling." Mary testified she interrupted defendant and William on more than one occasion, but they continued to argue. She further testified she went outside and saw "[William] sitting in a chair and . . . [defendant] was over him punching him" as William "cover[ed] himself" with his arms. She also noticed defendant had blood on his lower extremities.

According to Mary, defendant did not stop attacking William until she pulled him off. Defendant then stated to William, "d[id] that hurt, I guess that hurt." Mary went inside to retrieve a towel and medical supplies, and when she looked out the window, William was on the grass with defendant standing over him. Mary called the police.

The police arrived and found a knife on the ground near William. The knife had an identification card with defendant's name on it clipped to its handle.

A-0207-23

At trial, the parties stipulated that all the blood collected from the knife and the surrounding scene belonged to William. Mary testified, William "was blinking and . . . breathing really slow . . . in and out." William was transported to the hospital by ambulance and pronounced dead on arrival. He had been stabbed eight times, and his arm had been sliced. One of the first responders noted defendant appeared calm and rational when they arrived on scene.

At trial, defendant claimed he had consumed alcohol and taken muscle relaxers prior to William's arrival at the home. He further testified William was "a lot bigger" than him, and after becoming upset as to the condition of his bag, William grabbed him by the throat with his left hand and punched him in his face with his right hand. Defendant testified he was "truly scared" and believed he was "going to die."

At the conclusion of the evidence, the judge, the State, and defense counsel conferred regarding the final jury charge. The agreed upon charge did not instruct the jury on passion/provocation manslaughter. Defense counsel indicated he had reviewed the most recent version of the charge, and when asked if he had any "[q]uestions, comments, additions, deletions, [or] changes[,]" his response was that he did not. Defendant's convictions and sentence followed.

A-0207-23

On August 4, 2020, defendant filed a timely pro se PCR petition. He was later assigned counsel on June 3, 2021, who filed an amended petition and brief. Defendant argued he was entitled to PCR based on ineffective assistance of trial counsel because counsel failed to: request a lesser included charge of passion/provocation manslaughter; object to the State's use of alleged perjured testimony; and inform defendant of the advantages and disadvantages of the State's final plea offer. Additionally, appellate counsel was alleged to be ineffective because they failed to advance all the claims raised in defendant's petition on direct appeal. Defendant further argued he was entitled to an evidentiary hearing on his claims.

On June 22, 2023, the PCR court held a hearing at which defendant raised additional arguments, including that trial counsel failed to: request an intoxication jury charge; request a "defense of others" jury charge; move for redaction of certain portions of his statement; retain an expert to advance an intoxication defense; "competently and completely" cross-examine Mary; and procure or utilize a purported liquor store surveillance video, which was believed to show defendant purchasing alcohol before arriving at Mary's home.

On June 30, 2023, the court issued a seventy-six-page written opinion and order denying defendant's PCR petition. Addressing defendant's claims trial

5

counsel was ineffective because he conducted an inadequate cross-examination of Mary, the court found the issue should have been raised on direct appeal, and the trial transcript "show[ed] trial counsel fully explained [Mary]'s testimony and inconsistencies in her statements to both [Division of Child Protection and Permanency (Division)] and police, he asked specific questions about her statements, brought up her inconsistencies, and impeached her credibility, in essence calling her a liar numerous times." The court noted the jury found Mary to be somewhat credible and concluded that because defendant had "failed to point to any actions that [t]rial [c]ounsel took that were ineffective, he has failed to establish ineffective assistance under Strickland."[2]

Regarding defendant's claim that counsel was ineffective for failing to request a lesser included charge of passion/provocation manslaughter, the PCR court made clear the issue had already been addressed on direct appeal, where we concluded,

> the [passion/provocation murder] charge was unwarranted—there were no facts that clearly indicated it was applicable. There was no evidence suggesting at the time defendant repeatedly stabbed William, he had provoked defendant by anything more than "mere words" as he sat in a chair waiting for a taxi. Moreover, there was no proof that William used any type of

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984).

A-0207-23

weapon to threaten or harm either Mary or defendant at that time.

[Lawrence, slip op. at 11-12.]

Addressing defendant's claim trial counsel was ineffective for failing to advance an intoxication defense, the PCR court found this argument meritless. The court stated, "[t]here is nothing in the record to suggest that [defendant] blacked out, suffered from memory loss, wasn't aware of his actions, or that he was even drinking right before the stabbing occurred." It continued, "[t]he [t]rial record is devoid of any suggestion or any rational basis to conclude that . . . [d]efendant's faculties were so prostrated that he was incapable of forming the requisite intent." Moreover, the court found that at trial, three years after the incident, defendant "never inferred that he could not recall or that his faculties were so prostrated that he could not act with purpose or knowledge of what he was doing."

On appeal, defendant raises the following points for our consideration:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE IN CONDUCTING AN INADEQUATE CROSS-EXAMINATION OF [MARY].

POINT II

TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST A JURY CHARGE ON PASSION/PROVOCATION MANSLAUGHTER.

POINT III

TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ADVANCE AN INTOXICATION DEFENSE.

II.

We review of the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland, 466 U.S. at 687; see State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015).

Under the "'second, and far more difficult, prong of the' Strickland standard[,]" State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant

must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "'is an exacting standard.'" Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693). "[C]ourts are permitted leeway to choose to examine first whether a defendant has been prejudiced, . . . and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citing Strickland, 466 U.S. at 697).

Before us, defendant contends trial counsel provided ineffective assistance by failing to: conduct an adequate cross-examination of Mary; request a jury charge on passion/provocation manslaughter; and advance an intoxication defense. We are unpersuaded.

A-0207-23

## A.

We reject defendant's arguments trial counsel provided ineffective assistance substantially for the reasons expressed in the court's thorough and comprehensive opinion. However, we part ways with the court's statement defendant's dissatisfaction with Mary's cross-examination could have been raised on direct appeal, as allegations related to counsel's performance are best and properly raised in a PCR petition. See Preciose, 129 N.J. at 463.

Defendant's claim that counsel did not adequately cross-examine Mary fails on the merits. As the record clearly reveals, counsel vigorously cross-examined Mary regarding the inconsistencies in her statements to the Division and the police. There was therefore no need to call a Division witness for that same purpose. Moreover, defendant did not provide any supporting proof by way of certification or affidavit to establish that another witness would have aided his defense.

## B.

We next address defendant's argument counsel was ineffective in failing to request a lesser included charge of passion/provocation manslaughter. Defendant argues the court erred in finding that the number of times he stabbed William was a "disproportionate response[,]" as the court "seemed to be

conflating passion/provocation manslaughter with self-defense." His argument is in response to the court's conclusion "[t]here is nothing to suggest that [William] had a weapon, attacked [defendant], and/or used anything other than 'mere words' before and[/]or during their altercation. Clearly, [defendant] stabbing the victim numerous times is a disproportionate response."

On direct appeal, we rejected defendant's argument, noting the passion/provocation manslaughter charge was not requested and trial counsel did not object to the jury charge that was given. We further reasoned there was no evidence to suggest William had provoked defendant by anything more than "mere words." William had no weapon, and "a sufficient amount of time" had elapsed from the initial "tussle" between defendant and William, and the fatal stabbing. The PCR court noted defendant raised this issue as a basis for reversing his convictions on direct appeal, and we rejected defendant's claim, and issues that are adjudicated are barred from being re-litigated on post-conviction review. R. 3:22-5.

Critically, we conclude defendant's argument is without merit but not for the reasons expressed by the PCR court. Defendant's argument is meritless because it does not satisfy the rigorous Strickland standard, not because this argument was barred under Rule 3:22-5.

Reviewing defendant's argument under Strickland's prejudice prong, defendant offers no proof a jury hearing this charge, given the overwhelming evidence against him at trial, would have reached a different result. He cannot establish there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Gideon, 244 N.J. at 550-51 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.") (quoting Strickland, 466 U.S. at 694). "The defendant must 'affirmatively prove prejudice'", which defendant has failed to satisfy. Ibid. (quoting Strickland, 466 U.S. at 693).

As we detailed in our earlier opinion, Mary testified she went outside and saw "[William] sitting in a chair and . . . [defendant] was over him punching him" as William "cover[ed] himself" with his arms. As we explained, at the time defendant repeatedly stabbed William, there was no evidence William provoked defendant by anything more than "mere words." Nor was there any proof William used a weapon to threaten or harm either defendant or Mary at that time. We are satisfied defendant failed to establish a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Further, counsel's failure to raise arguments lacking in merit

does not constitute ineffective assistance of counsel.  State v. Webster, 187 N.J. 254, 257 (2006).

C.

Defendant next asserts, the PCR court erred by rejecting his claim trial counsel was ineffective by failing to present an intoxication defense.  The PCR court extensively discussed the legal underpinnings of the defense of intoxication, stating it is not viable "unless[] viewing the evidence regarding intoxication and the legitimate inferences to be drawn from it in the light most favorable to the defendant, it can be said that the defendant's faculties were so prostrated as to render defendant incapable of purposeful or knowing conduct." The PCR court cited six factors to consider under Cameron:  (1) the quantity of intoxicant consumed; (2) the period of time involved; (3) the defendant's conduct as perceived by others; (4) any odor of alcohol or other intoxicating substance; (5) results of any test to determine blood-alcohol content; and (6) the defendant's ability to recall significant events.  State v. Cameron, 104 N.J. 42, 55 (1986).

The PCR court concluded "[t]here has to be some evidence to merit the introduction of a jury charge, and there is simply none in the record; therefore, trial counsel was not ineffective."  It further stated defendant cannot instruct the

jury to consider the defense of intoxication "as a 'Plan B' if the primary defense of self-defense did not resonate with the jury."

Trial counsel's failure to raise an intoxication defense did not constitute deficient performance under Strickland's first prong because defendant failed to support his claim that he was intoxicated to such an extent to negate an element of the offense. As the PCR court found, "there [was] nothing in the record . . . to indicate [defendant] was so intoxicated." State v. Porter, 216 N.J. 343, 355 (2015) (A defendant must do more than make bald assertions that he was denied the effective assistance of counsel). Thus, trial counsel was not ineffective for failing to present a meritless defense. See O'Neil, 219 N.J. at 613; State v. Worlock, 117 N.J. 596, 625 (1990).

Lastly, as to defendant's claim he is entitled to an evidentiary hearing, "[t]he mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). The PCR court should grant an evidentiary hearing only if: "(1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is

required to resolve the claims asserted." Ibid. (citing Porter, 216 N.J. at 354). Because the PCR court properly found defendant failed to establish a prima facie case of ineffective assistance of counsel, defendant cannot establish he is entitled to an evidentiary hearing. R. 3:22-10(b).

To the extent we have not addressed any of defendant's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division